FILED
SEP 17 2013
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RUEBEN NATHANIEL McDOWELL,<br><br>Defendant. | CR 01-124–GF–DLC-RKS<br><br>ORDER |

This case was referred to United States Magistrate Judge Keith Strong for a revocation hearing and findings and recommendations. Judge Strong entered findings and recommendations on August 23, 2013. Defendant admitted he had violated four conditions of his supervised release: 1) Standard Condition #11 by failing to notify his probation officer within 72 hours that he was arrested for public intoxication on July 15, 2013; 2) Special Condition #3 by consuming alcohol, for which he tested positive on July 15, 2013; 3) Standard Condition #2 by failing to report to the United States Probation Officer after he was released from tribal custody, as he was directed on July 16, 2013 to do; 4) Standard Condition #9 by associating with a convicted felon on July 15, 2013, when Mr.

McDowell was a passenger in a car driven by a convicted felon who allegedly fled from police. Judge Strong found the admissions sufficient to establish the supervised release violations. He recommended that this Court revoke Defendant's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of imprisonment of 12 months and one day, to be followed by 36 months of supervised release.

No objections were filed by either party. Judge Strong's findings and recommendations are therefore reviewed for clear error. *McDonnell Douglas Corp. Commodore Bus. Mach, Inc.*, 656 F.2d 1309, 1319 (9th Cir. 1981).

This Court agrees with Judge Strong's findings. Defendant admitted that he violated Standard Conditions #11, 2, 9 and Special Condition #3. The United States Sentencing Guidelines call for 8 to 14 months imprisonment. A sentence of 12 months and one day of custody followed by 36 months of supervised release is appropriate because Defendant violated the terms of his supervised release shortly after he was placed on supervision. The violations appear to have stemmed from the use of alcohol. Defendant presents a danger to the community when he consumes alcohol. It is therefore important to impose a sanction that will impress upon Defendant the importance of complying with the terms of his supervised release. A lengthy term of continued supervised release will encourage Defendant

to remain sober, which will improve his chance of a successful re-integration into the community.

IT IS ORDERED that Judge Strong's Findings and Recommendations (doc. 53) are ADOPTED in full and Judgment shall be entered accordingly.

Dated this 17th day of September, 2013.

Dana L. Christensen, Chief Judge
United States District Court